HUNNICUTT *v.* THE GEORGIA PACIFIC RAILWAY Co.

Whether after notice from a parent to a railroad company not to employ her minor son, but it does so and the minor is injured while in such employment, the company can plead his negligence in defence to an action for the injury brought by the parent, becomes immaterial if the parent allege that the minor was injured through no fault of his own and the cause be tried upon this issue mainly.
April 14, 1890.

Actions. Minors. Negligence. Evidence. Verdict. Before Judge VAN EPPS. City court of Atlanta. June term, 1889.

Reported in the decision.

R. T. DORSEY and F. R. & J. G. WALKER, for plaintiff.
JACKSON & JACKSON, for defendant.

SIMMONS, Justice.

Ellen Hunnicutt brought her action against the defendant, and alleged therein that in March, 1886, her son and servant, a minor about sixteen years of age, was, wilfully and knowingly without her knowledge and consent, taken from her society and service and employed by the defendant as a brakeman and general train-hand on one of its trains, and that on the — day of March, while in the performance of his duty in coupling cars, the defendant's servants and agents, by their carelessness and negligence, injured her said son's left hand and broke one of his fingers; that by reason of this she was put to great expense and trouble in attending upon him, and suffered great loss by reason thereof; that she lost his service for a long time; that his ability

to work for her until he became of age was greatly lessened, and that her said son and servant was diligently, prudently and carefully, and without any fault on his part whatever, performing his said duty when he was injured. Upon the trial, the jury returned a verdict for the defendant; and the plaintiff made a motion for a new trial, upon the grounds that the verdict was contrary to the evidence, contrary to law, strongly and decidedly against the weight of evidence and without evidence to support it, and because of the exclusion of the testimony of certain witnesses who would testify that she gave the defendant's agent notice not to employ her said son upon said road.

In this case it is unnecessary for us to decide whether when a person employs a minor against the consent of the parent, and puts the minor at dangerous work, and the minor is injured by his own carelessness the person employing the minor can or cannot plead the minor's carelessness as a defence; because the parent in this declaration alleges that her son was injured through no fault of his own. The record shows that the main contention between the parties was upon the question of whether the minor was injured by reason of his own carelessness or not. The jury found that the injury was caused by his own negligence. The plaintiff having made this issue in her declaration, the jury having found against her thereon, the trial judge being satisfied with that finding, and the evidence abundantly sustaining it, there is no reason to reverse the judgment of the trial judge refusing the grant of a new trial. The main issue having been decided against the plaintiff, the court did not err in refusing a new trial because of the exclusion of evidence as complained of in the 4th ground. The plaintiff having failed to sustain her allegations upon the main issue, the evidence was immaterial.          *Judgment affirmed.*